# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| RUTHIE D. GRAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:20-cv-02626-TLP-cgc |
| v. | ) | |
| | ) | JURY DEMAND |
| ALDI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Ruthie D. Grayson sues Defendant ALDI pro se under 42 U.S.C. § 1983. (ECF No. 1.) She alleges that, while shopping at Defendant's local grocery store, a white cashier "refused to ring [her] up," turned the conveyor belt off, and walked away from Plaintiff. (*Id.* at PageID 2; ECF No. 1-1 at PageID 4.) Plaintiff then removed her items from the conveyor belt and went to purchase her items at a different check-out lane. (*Id.*) A few minutes later, the cashier returned and told a white customer standing in front of Plaintiff to come to her check-out lane. (*Id.*) As a result, Plaintiff now sues Defendant for the allegedly discriminatory acts of the cashier. (*Id.* at PageID 3.)

The Magistrate Court entered a Report and Recommendation ("R&R") under Administrative Order 2013-05. (ECF No. 6.) There, the Magistrate Court recommends that the Court dismiss this action sua sponte under 28 U.S.C. § 1915(e)(2). (*Id.*) Plaintiff has not objected to the R&R, and the time to do so has now passed.[1]

---

[1] Objections to the R&R were due 14 days after entry of the R&R—February 5, 2021.

## IN FORMA PAUPERIS CASE SCREENING

The Court has to screen any case proceeding in forma pauperis to determine whether it is baseless or malicious, fails to state a viable claim for relief, or seeks monetary relief against an immune defendant.  *See* 28 U.S.C. § 1915(e)(2).  If a case falls into one of these categories, "the court shall dismiss the case at any time . . . ."  *Id.*  As mentioned above, the Magistrate Court conducts this screening under Administrative Order 2013-05 and 28 U.S.C. § 636(b)(1)(B).  And here, the R&R recommends dismissal of the Complaint for failure to state a viable claim for relief.  (ECF No. 6 at PageID 19.)

The Magistrate Court explained that, to state a claim under § 1983, the plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that the defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).  Here, the Magistrate Court found that "Plaintiff has not stated in the Complaint in what manner ALDI was acting under color of state law and what actions ALDI took to deprive Plaintiff of rights secured by the 'Constitution and laws' of the United States."  (ECF No. 6 at PageID 20.)  Accordingly, the Magistrate Court recommends dismissal of Plaintiff's complaint for failure to state a claim upon which relief may be granted.  (*Id.*)  Finally, the Magistrate Court notes that any appeal taken by Plaintiff would not be taken in good faith and recommends the Court deny leave to appeal in forma pauperis.  (*Id.* at PageID 20–21.)

## ADOPTING THE R&R

Under the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Plaintiff did not object

to the R&R, and the time for filing objections has expired.  *See id.*  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R and the entire record here, the Court finds no clear error, **ADOPTS** the R&R in its entirety, and **DISMISSES** Plaintiff's claims **WITH PREJUDICE**. The Court further finds that any appeal in this matter would not be taken in good faith and **DENIES** leave to appeal in forma pauperis.

**SO ORDERED**, this 22nd day of March, 2021.

        s/Thomas L. Parker  
        THOMAS L. PARKER  
        UNITED STATES DISTRICT JUDGE